IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Reginald Shock, #177900,　　　) C. A. No. 2:09-2581-PMD-RSC
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　-versus-　　　　　　　　) **REPORT AND RECOMMENDATION**
　　　　　　　　　　　　　　　　)
Sharon Patterson, DHO and　　　)
A.J. Padula, Warden,　　　　　 )
　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　 )

This civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgment. 28 U.S.C. § 636(b).

On October 2, 2009, the plaintiff, Reginald Shock, filed this action against Sharon Patterson, Disciplinary Hearing

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:
　　　Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

1

Officer at Lee Correctional Institution (LCI), and A. J. Padula, Warden of LCI, and alleged that his due process rights were violated in the manner in which a prison disciplinary hearing was conducted. He seeks damages and a court order dismissing the charge for which he was convicted and restoring all privileges lost as a result of the conviction.

The defendants filed a motion for summary judgment on April 1, 2010. The plaintiff was provided a copy of the motion and on April 2, 2010, was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The plaintiff opposed the motion on April 26, 2010. Hence, it appears consideration of the motion is appropriate.

### SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Where a case is "decided on summary judgment, there have not yet been factual findings by a judge or jury, and [the appellant's]

2

version of events ... differs substantially from [the appellee's,] ... courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the ... motion." Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769, 1774 (2007) (internal quotation marks and alterations omitted).

Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is

3

not sufficient to defeat a summary judgment motion." <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. <u>See</u>, <u>Anderson</u>, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. <u>Id.</u>, 477 U.S. at 252.

**FACTS**

On January 14, 2009, Stock received notice that he had been charged with a violation of South Carolina Department of Corrections (SCDC) Offense 898: Possession of a Cell Phone. He was charged by Officer Simon on January 8, 2009, and was noticed that a Disciplinary Hearing into the matter would take place on January 21, 2009. Stock was not provided a counsel substitute because his educational level was high enough to preclude such appointment. He was allowed to call witnesses. He was found guilty of the offense charged and the defendant DHO Patterson indicated in her report that she determined that the plaintiff was guilty based upon the charging officer's report and photographs of the evidence. Stock was provided a copy of the DHO's report. Plaintiff received the following punishment: loss

of phone privileges, visitation privileges, canteen privileges, and placement in Disciplinary Detention. Since he was placed in Disciplinary Detention, he lost his prison job and, therefore, his ability to earn good time credits for the period he was not working. He did not lose any good time credits which he had earned prior to placement in Disciplinary Detention.

Plaintiff believes that his due process rights were violated by the manner in which the charge was noticed, prosecuted, and determined, and he has exhausted all available administrative remedies prior to bringing suit.

### LAW RELATING TO PRISON DISCIPLINARY PROCEEDINGS

Where a prison disciplinary hearing may result in the loss of good-time credit, Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), holds that due process requires the following:

> 1. Giving the prisoner written notice of the charges at least 24 hours before he appears for his disciplinary hearing;
>
> 2. Providing the prisoner a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action;
>
> 3. Allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;
>
> 4. Permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the

5

issue makes it unlikely that the prisoner will be
able to collect and present the evidence necessary
for an adequate comprehension of the case; and

5. Providing impartial fact finders.

Wolff, 418 U.S. at 563-576. Due process in prison discipline decisions is satisfied if there is "some" evidence to show that the inmate committed the offense. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). The "some evidence" standard is a lenient one, requiring no more than a "modicum of evidence," and is met if there is any evidence in the record that could support the decision. Id. at 455-56. This standard does not require an examination of the entire record, or a reweighing of the credibility of witnesses and other evidence. Id.; see , Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990).

**DISCUSSION**

A review of the record and relevant case law reveals that the defendants' motion should be granted and this matter ended.

Shock has failed in his burden to show that his due process rights were violated as to his January 21, 2009, disciplinary hearing. The Disciplinary Hearing Officer's Report from the hearing in question reveals that Plaintiff received notice at least twenty-four hours prior to his hearing, he had the opportunity to call witnesses and present documentary evidence, and he received a written statement by the fact finder as to the

evidence relied on and the reasons for the disciplinary actions. See Attachments to Complaint. Plaintiff has presented no evidence that he is illiterate or the complexity of the issue made it unlikely that he would have been able to collect and present the evidence necessary for an adequate comprehension of the case, so no counsel substitute was required. The incident report and photographs of the cell phone are certainly "some" evidence to show that Shock committed the offense as required by Superintendent, Mass. Corr. Inst. v. Hill. Therefore, Shock was afforded all process he was constitutionally due.

Nonetheless, Shock claims that various SCDC disciplinary hearing policies and procedures were violated and that he is entitled to relief here as a result. He is incorrect[2]. A failure of prison officials to follow their own policies or procedures, standing alone, does not amount to constitutional violations. See, United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782

---

[2] Shock argues that he has a protected interest in the mandatory language of various SCDC policies and procedures, but this "mandatory language" test, employed in Hewitt v. Helms, 459 U.S. 460, 472, 103 S.Ct. 864 (1983), was rejected by the U.S. Supreme Court in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995).

7

F.Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

In sum, Shock has not forecast evidence to create a genuine issue of material fact and the defendants should be granted summary judgment. As an additional reason for dismissal, the defendants are entitled to qualified immunity as set forth in Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982), because their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Id. at 818.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended the defendants' motion for summary judgment be granted and this matter ended.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

May 11, 2010

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).