IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Reginald Shock, | ) | |
| | ) | C.A. No. 2:09-cv-02581-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Sharon Patterson, DHO and | ) | |
| A. J. Padula, Warden, | ) | |
| Defendants. | ) | |

This matter is before the court on the *pro se* Plaintiff Reginald Shock's ("Mr. Shock") petition alleging that Defendants Sharon Patterson and A.J. Padula ("Defendants") violated his due process rights in the manner that his prison disciplinary hearing was conducted.  [Doc. # 1].   On April 1, 2010, Defendants filed a Motion for Summary Judgment.  [Doc. #29].  The Magistrate Judge's Report and Recommendation [Doc.# 34], filed on May, 11, 2010, recommends that Defendants' Motion for Summary Judgment be granted.  The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court

1

may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The court incorporates, by reference, the Magistrate Judge's recitation of the facts of this case. [Doc. # 34, at 4-5].

Plaintiff was advised of his right to file objections to the Report and Recommendation. [Doc. # 34, at 9]. Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation on the pending motion. [Doc. # 37]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

In this case, the court was able to discern specific objections [Doc. # 37] to the Magistrate Judge's Report and Recommendation. Mr. Shock initially objects to the Magistrate Judge's conclusion that he was able to present documents and witnesses in support of his case. [Doc.# 37, at 1]. As the Magistrate Judge discussed, when a prisoner may lose good time credit as a result of a prisoner disciplinary hearing, to ensure due process, certain procedural safeguards are required.

[Doc. # 34, at 5-6]. The court incorporates by reference the Magistrate Judge's discussion of those procedural safeguards as listed under the Report and Recommendation's heading entitled "Law Relating to Prison Disciplinary Proceedings," [Doc. # 24, at 5-6], (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). This first objection concerns the third *Wolff* requirement that prisoners be allowed to call witnesses and present documentary evidence. *See Wolff v. McDonnell*, 419 U.S. 539, 566 (1974). Mr. Shock complains that Ms. Patterson violated his due process rights because he was not allowed to "view or have introduced the documentary evidence." [Doc. # 37, at 1-2]. Mr. Shock alleges that the documentary evidence he sought to introduce was "possessed by the prosecution in the form of a letter written by Sgt. Durrant and listed on the incidence report for said incident which a copy of is in possession of this court." [Doc. # 37, at 1]. Mr. Shock is correct that the court does have access to the incident report; however, Mr. Shock appears to be asserting that because Ms. Patterson did not give him access to the letter to which he alludes in his objection [Doc. # 37, at 1] that his due process rights were violated. Despite this alleged lack of access to the letter, Mr. Shock's due process rights were not violated because as the Magistrate Judge noted, in the context of prison disciplinary hearings and the potential loss of good time credits, a prisoner's due process rights are not violated as long as there is "'some' evidence to show that the inmate committed the offense." [Doc. # 34, at 6] (citing *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 455 (1985)). The Magistrate Judge also noted that the "'some evidence' standard is a lenient one, requiring no more than a 'modicum of evidence,' and is met if there is any evidence in the record that could support the decision." [Doc. # 34, at 6] (citing *Superintendent, Mass. Corr. Inst.*, 472 U.S. at 455). Mr. Shock's first objection is overruled since in support of their case against him, Defendants presented as evidence the incident report and photographs of the cell phones at issue.

3

[Docs # 1-2; 1-3].  This evidence meets the "some evidence" standard necessary to establish that a prisoner was afforded his due process rights.  Therefore, the Magistrate Judge correctly concluded that summary judgment in favor of Defendants was appropriate.  [Doc. # 34, at 7].

Mr. Shock next objects that he was not offered or allowed assistance in preparing for his hearing and that this omission was also a violation of his due process rights. [Doc. # 37, at 1-2].  Mr. Shock's objection is overruled for the reason stated in the Report and Recommendation: Mr. Shock has not presented any evidence that he is illiterate nor has he presented evidence that his case was so complex that he was prevented from collecting the evidence necessary to sufficiently understand and present his defense. [Doc. # 34, at 7].

Finally, Mr. Shock objects that Ms. Patterson, the hearing officer in his case, was "completely biased." [Doc. # 37, at 2].  With respect to bias, the crux of Mr. Shock's argument is that Ms. Patterson violated department policies, procedures and guidelines "as they relate to the hearing phase of the disciplinary process." [Doc. # 37, at 2].  Mr. Shock also alleges that Ms. Patterson committed procedural errors in addition to suppressing the letter discussed above.  This objection is also overruled.  As the Magistrate Judge noted, "[a] failure of prison officials to follow their own policies or procedures, standing alone, does not amount to constitutional violations." [Doc. # 34, at 7] (citing *United States v. Caceres*, 440 U.S. 741; *Piccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992)).  When this principle is coupled with the fact that Defendants presented "some" evidence that Mr. Shock violated South Carolina Department of Correction policies and procedures, it is clear that Defendants did not violate Mr. Shock's due process rights.

Therefore, after a thorough review of the Report and Recommendation and the record in this

4

case, the court adopts the Magistrate Judge's Report and Recommendation [Doc. # 34]. It is therefore **ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 29] is **GRANTED**.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

Greenville, South Carolina
February 8, 2011